**ANDERSON BANTA CLARKSON** PLLC
48 NORTH MACDONALD
MESA, ARIZONA 85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for JESUS R. LOPEZ, JR.

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

## PHOENIX DIVISION

| | |
|---|---|
| JESUS R. LOPEZ, JR., <br><br> Plaintiff, <br><br> vs. <br><br> EQUIFAX INFORMATION SERVICES, INC., and CITIBANK, NA, <br><br> Defendants, | Case No.: <br><br> **COMPLAINT** |

NOW COMES the Plaintiff, JESUS R. LOPEZ, JR., by and through his attorneys, ANDERSON BANTA CLARKSON PLLC, and for his complaint against EQUIFAX INFORMATION SERVICES, INC., and CITIBANK, NA, Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Credit Reporting Act (hereinafter "FCRA"), 15 U.S.C. §1681, et. seq.

### II.   JURISDICTION & VENUE

2. Jurisdiction arises under the Fair Credit Reporting Act 15 U.S.C. §1681, et. seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III. PARTIES

4. JESUS R. LOPEZ, JR., (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of San Tan Valley, County of Pinal, State of Arizona.

5. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692(a)(3) and 15 U.S.C. §1681a(c).

6. EQUIFAX INFORMATION SERVICES, INC., (hereinafter, "Equifax") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arizona, is a citizen of the State of Arizona.

7. At all relevant times, Equifax was a "person" as that term is defined by 15 U.S.C. §1681a(b).

8. At all relevant times, Equifax was a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

9. CITIBANK, NA, (hereinafter, "Citibank") is a business entity that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Arizona, is a citizen of the State of Arizona.

10. At all relevant times, Citibank was a "person" as that term is defined by 15 U.S.C. §1681a(b).

11. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

## IV. ALLEGATIONS

## COUNT I: JESUS R. LOPEZ, JR. v. EQUIFAX INFORMATION SERVICES, INC.

## FOR VIOLATIONS OF THE FCRA

12. Equifax has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter the "inaccurate information").

13. The inaccurate information of which Plaintiff complains is an account, or trade-line, named ExxonMobil/CBNA, (hereinafter, "the Account").

14. Specifically, Plaintiff asserts that the Account is not his account, that it was opened on September 17, 1996, prior to Plaintiff's 18th birthday, that he did not apply for the Account, and that he is not financially responsible for the Account.

15. Equifax has been reporting that the Account was Plaintiff's sole financial responsibility, that he opened the Account, and that the Account is charged off, with a past due amount of $909 outstanding and a total balance of $936 outstanding (hereinafter "the inaccurate information").

16. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

17. Credit reports containing the inaccurate information have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

18. On July 11, 2015, and again on July 22, 2015, Plaintiff disputed the inaccurate information with Equifax by written communication to its representatives and by following Equifax's established procedure for disputing consumer credit information.

19. Furthermore, Plaintiff enclosed with his written dispute to Defendant documents and other information that either proved that the disputed information contained within his credit report was inaccurate or, at the very least, provided evidence that supported Plaintiff's contentions that the disputed information was inaccurate.

20. Plaintiff received a confirmation number from Equifax relative to his dispute.

21. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Equifax, Equifax notified Citibank of Plaintiff's dispute and the nature of the dispute.

22. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Equifax, Citibank received notification from Equifax of Plaintiff's dispute and the nature of the dispute.

23. Upon information and belief, Equifax received the results of Citibank's investigation as to Plaintiff's dispute.

24. Upon information and belief, Equifax updated the reporting of the account(s) at issued solely based upon the information it received from Citibank in response to Plaintiff's dispute.

25. Despite Plaintiff's efforts to date, Equifax has nonetheless deliberately, willfully, intentionally, recklessly, and negligently repeatedly failed to perform reasonable re-investigations of the above dispute as required by the FCRA, has failed to remove the

inaccurate information, has failed to note the disputed status of the inaccurate information, and has continued to report the derogatory inaccurate information about Plaintiff.

26. Plaintiff has been damaged, and continues to be damaged, in the following ways:

    a. Denial of attempts to obtain a mortgage in his name;

    b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

    c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown;

    d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff; and,

    e. Decreased credit score which may result in inability to obtain credit on future attempts.

27. At all times pertinent hereto, Equifax was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Equifax.

28. At all times pertinent hereto, the conduct of Equifax, as well as that of its agents, servants, and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiff herein.

29. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to Plaintiff for engaging in the following conduct:

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

    d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and/or

    e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

30. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the injuries, damages, and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT II: JESUS R. LOPEZ, JR. v. CITIBANK, NA, FOR VIOLATIONS OF THE FCRA

31. Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

32. Citibank violated sections 1681n and 1681o of the FCRA by engaging in the following conduct, which violates 15 U.S.C. §1681s-2(b):

    a. willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed upon receiving notice of the dispute of the consumer from Equifax;

    b. willfully and negligently failing to review all relevant information concerning Plaintiff's account provided to by Equifax;

    c. willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff;

    e. willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate;

    f. willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

33. Citibank's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages, and harm to Plaintiff that are outlined more fully above, and as a result, Citibank is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

## V.    JURY DEMAND

34. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.    PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JESUS R. LOPEZ, JR., by and through his attorneys, respectfully prays for judgment in his favor and against EQUIFAX INFORMATION SERVICES, INC., and CITIBANK, NA, as follows:

1   a.  All actual compensatory damages suffered;

2   b.  Statutory damages;

3   c.  Plaintiff's attorneys' fees and costs;

4   d.  Punitive damages; and,

5   e.  Such other and further relief as may be necessary, just and proper.

**ANDERSON BANTA CLARKSON PLLC**

By:   s/ Adam Anderson
Adam C. Anderson
48 North MacDonald Street
Mesa, AZ  85201
Attorney for JESUS R. LOPEZ, JR.